IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 28, 2012 Session

**ASHLEY D. RAMSAY, v. STARLETT J. CUSTER**

**Appeal from the Circuit Court for Rutherford County**
**No. 59390       Hon. Royce Taylor, Judge**

---

**No. M2011-02490-COA-R3-CV - Filed July 31, 2012**

---

In this case, the Trial Court initially granted plaintiff a default judgment against the defendant, and set a trial on the issue of damages. Defendant was given notice of the subsequent hearing, and defendant's attorney moved to set aside the default judgment, which the Trial Court granted and dismissed plaintiff's case. Plaintiff has appealed. We affirm the Judgment of the Trial Court.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J., joined.

Wm. Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Ashley D. Ramsay.

John H. Baker, Murfreesboro, Tennessee, for the appellee, Starlett J. Custer.

**OPINION**

This is an appeal of a Trial Court's setting aside plaintiff/appellant's default judgment, and dismissing the action based on a finding that appellant had failed to effectuate service of process on defendant/appellee in accordance with Tenn. R. Civ. P. 4.

Plaintiff brought this action on July 29, 2009 against defendant, Starlett Custer. Process was issued on July 29, 2009 and counsel for plaintiff claims that he received the return receipt on August 7, 2009 and the signature was "unintelligible". The Return on

Service of Summons by Mail was filed with the Court on October 30, 2009.

Plaintiff then filed a Motion for Default, and a hearing was held without the defendant's presence. The Trial Court entered an order granting judgment by default on July 12, 2010, and scheduled a hearing on compensatory and punitive damages on a later date. The record reflects that counsel for plaintiff mailed a copy of the order to defendant at the same address that the summons was sent.

The damage hearing was set for April 29, 2011 and a notice was sent to defendant at the address in the record. Defendant, through counsel filed a Motion to Vacate Default Judgment and to Dismiss Lawsuit. She claimed lack of personal jurisdiction, insufficiency of service of process and that the applicable statute of limitations now barred suit against her.

A hearing on the motion to vacate the default judgment was held on September 29, 2011, and, on October 10, 2011, the Court entered an order granting defendant's motion and dismissing the complaint. Plaintiff filed a Notice of Appeal on October 10, but no transcript or statement of the evidence was filed in the appellate record.

The issues presented on appeal are:

A. Whether the Trial Court had authority or jurisdiction to vacate its initial default judgement due to insufficiency of service of process?

B. Whether appellant effectuated valid service of process upon appellee pursuant to Tenn. R. Civ. P. 4?

C. Whether appellee waived any defense relating to failure of service of process or is estopped from raising a defense based upon failure of service of process?

Our standard of review of questions of law is *de novo* without a presumption of correctness afforded to the lower court's conclusions of law. *State ex rel. Pope v. U.S. Fire Ins. Co.,* 145 S.W.3d 529, 533 (Tenn.2004)(citing *State v. Williams,* 38 S.W.3d 532, 535 (Tenn. 2001)). As to the findings of fact, the standard of review is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact, unless the preponderance of the evidence is otherwise. *Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn.2000) (citing Tenn. R. App. P. 13(d) and *Cross v. City of Memphis,* 20 S.W.3d 642, 644–645 (Tenn.2000)).

The appellant bears the burden of showing that the evidence presented below

preponderates against the trial court's judgment. *Ray v. Ray,* E2004-01622-COA-R3-CV, 2005 WL 1981801 at * 3 (Tenn. Ct. App., Aug. 16, 2005)(citing *Coakley v. Daniels,* 840 S.W.2d 367, 370 (Tenn. Ct. App.1992). The Tennessee Rules of Appellate Procedure require the appellant to prepare "a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); *see also Johnson v. Hardin,* 926 S.W.2d 236, 239 (Tenn.1996); *Nickas v. Capadalis,* 954 S.W.2d 735, 742 (Tenn. Ct. App.1997). In the absence of a transcript or statement of the evidence, a conclusive presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment. *Ray* at * 3 (citing *Coakley,* 840 S.W.2d at 370; *Irvin v. City of Clarksville,* 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988)).

Service of process is an essential part of a legal proceeding because the trial court's jurisdiction of the parties is acquired by service of process. *Watson v. Garza*, 316 S.W.3d at 593(citing *Stitts v. McGown,* No. E2005–02496–COA–R3–CV, 2006 WL 1152649 at *2 (Tenn. Ct. App. May 2, 2006)(citing *Haley v. University of Tennessee–Knoxville,* 188 S.W.3d 518, 522 (Tenn.2006))). The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules. *Watson* at 593 (citing *Wallace v. Wallace,* No. 01A01–9512–CH–00579, 1996 WL 411627 at *2 (Tenn. Ct. App. July 24, 1996).

Appellant's first issue on appeal is whether the Trial Court's initial finding of valid service of process in its July 12, 2010 Order Granting Judgement by Default is conclusive to the litigation. Appellant claims that "it has long been held that a court's finding of valid process on the record may not be overturned by the mere oath of an interested party who later attempts to challenge the process." Appellant cites *Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 347 S.W.2d 491, 492 (1961) and *Watson v. Garza*, 316 S.W.3d 589, 594 (Tenn. Ct. App. 2008). Appellant's reliance on these cases is misplaced as they both concern the statements made by the officer who personally makes service of process on the defendant as evidence of service and not a court's ruling that service was proper. *See, Royal Clothing*, 208 Tenn. at 574 - 575. Here there is no return of service of process prepared by an officer, as service was by mail. Thus, the cases cited by appellant on this issue are not applicable. As appellant offers no other support for her contention that a court's finding of valid process on the record may not be overturned by the mere oath of an interested party, the issue is without merit. Further, the Trial Court did not only consider the affidavit of Ms. Custer when it vacated the default judgment. The Court relied on the affidavits of Ms. Custer's parents and Mr. Blackstock and the testimony of Mr. Brandon when it held that service of process was not valid and, thus, vacated the default judgment.

While we reject appellant's argument on this issue, we clarify why the Trial Court did have authority to vacate its original grant of the motion for a default judgment. The order of July 12, 2010 granting a default judgment was not a final judgment as the plaintiff's claim for damages was not addressed by the Trial Court and was specifically postponed to a later date. An order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is typically not a final judgment that is appealable as of right. Tenn. R. App. P. 3(a); *Carr v. Valinezhad*, M2009-00634-COA-R3-CV, 2010 WL 1633467 at * 2 (Tenn. Ct. App. Apr. 22, 2010). Such an order is subject to revision by the trial court at any time before entry of a final judgment disposing of all issues and parties. Tenn. R. Civ. P. 54.02; Tenn. R. App. P. 3(a); *Everton v. Lawson*, 01-A-01-9005-CH00181, 1990 WL 125512 at * 2 (Tenn. Ct. App. Aug. 31, 1990). Once the Trial Court determined that the service of process did not conform with the provisions of Tenn. R. Civ. P. 4, the Court properly vacated the default judgement as service of process that does not meet the requirements of Rule 4 is void and a judgement based on void service is a void judgment. *Overby v. Overby*, 457 S. W. 851, 852 (Tenn. 1970); *Yousif v. Clark*, 317 S.W. 3d 240, 246 (Tenn. Ct. App. 2010).

The Trial Court's recitation of its findings of fact regarding the service of process of the summons and complaint are born out by the affidavits of Ms. Custer, her parents and her cousin Leonard Blackstock. The only witness who testified at trial was Mr. Brandon. The Trial Court concluded, based on the affidavits submitted, that it was Mr. Blackstock who accepted the certified mailing on August 7, 2009 when he was visiting the Custer home and that he was alone. Mr. Blackstock stated that the signature on the return receipt was his. Ms. Custer and her parents stated that the signature on the return receipt was not Ms. Custer's signature but that it appeared to be Mr. Blackstock's signature. The Court compared the signature on the return receipt to the signatures on Ms. Custer's affidavit and to the signature on Mr. Blackstock's affidavit and concluded that it was "more similar" to Mr. Blackstock's signature. Both Ms. Custer and Mr. Blackstock stated in their affidavits that Mr. Blackstock was not Ms. Custer's agent for service of process or her agent in any other capacity. The Trial Court stated that the affidavits before it were "not shown to be false." The evidence does not preponderate against the Trial Court's fact finding on this crucial issue. The Trial Court rejected Ms. Ramsay's assertion that Rule 4.04(1) was applicable because Ms. Custer was evading service. The Trial Court found that Ms. Custer was not evading service, and that she was just not at home when the certified letter was delivered. The evidence does not preponderate against the Trial Court's finding of this issue.

Finally, appellant contends Ms. Custer waived, made a general appearance or is otherwise estopped from raising a defense based on failure of service of process. This Court, in *Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408 (Tenn. Ct. App. 1988) held that "if a party makes a general appearance and does not take issue with venue, adequacy of service

of process, personal jurisdiction, or other similar matters, the courts customarily find the party has waived its objections to these matters". *Dixie Sav. Stores*, 767 S.W.2d at 410(citing *Tennessee Dep't. of Human Serv's v. Daniel,* 659 S.W.2d 625, 626 (Tenn. Ct. App. 1983) (personal jurisdiction); *Walkup v. Covington,* 18 Tenn.App. 117, 126, 73 S.W.2d 718, 723–24 (1933)(defect in process)). The question thus becomes what is considered a "general appearance? The Tennessee Supreme Court, in *Landers v. Jones* , 872 S.W.2d 674 (Tenn. 1994), offered a definition of "special appearance" when it held that the parties making a joint motion for a continuance did not constitute a waiver of the right to raise personal jurisdiction because such a motion did not recognize that the cause is properly pending or that the court has jurisdiction, and no affirmative action was sought from the court. *Landers* at 677. The Supreme Court explained that "courts should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction".

Appellant contends that the communication between Mr. Brandon and Mr. Burger was a general appearance in the litigation by defendant and that due to the communication, defendant waived her right to assert the defense of insufficiency of process. The Trial Court found there was absolutely no evidence that Mr. Brandon ever represented Ms. Custer in this lawsuit in any manner or that he ever communicated to Mr. Burger that he acted on behalf of Ms. Custer. Additionally, there was no evidence that Mr. Brandon acknowledged service of process or that he waived the defense of insufficiency of process. The evidence, is that Mr. Brandon told him he did not represent Ms. Custer. The evidence is that Mr Brandon never represented her in this law suit and she never gave Mr. Brandon any authority to act on her behalf in connection with the suit. The Trial Court thus concluded, based on the evidence presented, that Ms Custer did not make a general appearance in the case, and the evidence in the record before us does not preponderate against the Trial Judge's findings.

Appellant has not appealed the Trial Court's dismissal of the suit based on a finding that her complaint was time barred due to her failure to obtain service of process under Tenn. R. Civ. P. 3, thus we need not address that part of the Trial Court's order. [1]

---

[1] Based on the allegations of the complaint, Ms. Ramsey's cause of action accrued on August 27, 2008, the date of the alleged assault. As the complaint alleges personal injury, the lawsuit had to be brought within one year of the date of the alleged assault. (Tenn. Code Ann. § 28-3-104(a)(1). Plaintiff/appellant filed the suit on July 29, 2009, within the one year period, and the original summons was issued on the same day. As discussed above, Ms. Ramsey failed to obtain valid service of process upon appellee and she failed to have another summons issued. The one year time period within which she had to issue new process under Tenn. R. Civ. P. 3, expired on July 29, 2010, thus the Trial Court held that the complaint was time barred by the one year statute of limitations and dismissed the suit.

Based upon the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Ashley Ramsay.

_____
HERSCHEL PICKENS FRANKS, P.J.