IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 27, 2018 Session

## DEBBIE H. MORROW v. GAULT FINANCIAL, LLC

**Appeal from the Circuit Court for Davidson County**
**No. 16C3259   Thomas W. Brothers, Judge**

_____

### No. M2017-01602-COA-R3-CV

_____

This case was originally filed in general sessions court. The general sessions court entered a default judgment against Appellant in the amount of $8,066.04 on January 27, 2012. In September of 2015, Appellant filed a motion for relief from the general sessions judgment, alleging that the judgment was void because she was not properly served with the civil warrant. The general sessions court denied the motion, and Appellant appealed to the circuit court. The circuit court vacated the general sessions' default judgment finding that Appellant was not properly served but remanded the case to general sessions for a trial on the merits. Because the general sessions court lacked personal jurisdiction over Appellant, we conclude that the default judgment entered in the general sessions court is void. Accordingly, we affirm the circuit court's order vacating the default judgment, but reverse the circuit court's remand of the case to general sessions court, and instead we remand to the circuit court with instructions to dismiss the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part; Reversed in Part, and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and ARNOLD B. GOLDIN, J., joined.

James E. Kirby, Nashville, Tennessee, for the appellant, Debbie H. Morrow.

**MEMORANDUM OPINION**[1]

Gault Financial, LLC ("Gault," or "Appellee") purchased, from Chase Bank, certain defaulted debts. One of those debts was that of Appellant Debbie H. Morrow in the amount of $8,066.04. As Chase's assignee, Gault filed suit against Ms. Morrow in the General Sessions Court of Davidson County on October 20, 2011. The civil warrant states: "Served Debbie H. Morrow @ 6:20 PM 10-25-2011." Although the warrant is signed by Mr. Wayne Harrison, as purported process server, it does not identify Mr. Harrison by name (other than his signature) and does not indicate Mr. Harrison's address as required under Tennessee Code Annotated section 16-15-901(b) ("The process server must be identified by name and address on the return.").

Ms. Morrow did not appear for the scheduled hearing on January 27, 2012, and, on Gault's motion, the general sessions court granted a default judgment against Ms. Morrow for $8,066.40 plus costs. No further action was taken until October 14, 2014, when the general sessions court issued a subpoena to Ms. Morrow, requiring her to appear before the court on February 17, 2015 and to bring certain financial documents. Like the civil warrant, discussed *supra*, the subpoena stated: "Served Debbie H. Morrow @ 3:10 PM 10-27-2014." The subpoena was signed by Mr. Harrison, but, like the warrant, did not identify him by name and did not include his address. The subpoena was left on Ms. Morrow's door.

On September 16, 2015, Ms. Morrow filed a motion to set aside the default judgment in the general sessions court. On July 7, 2016, after obtaining counsel, she filed a motion to quash discovery and void default judgment. Ms. Morrow's motion to quash discovery and void default judgment was denied by order of December 1, 2016.

Ms. Morrow then appealed to the Circuit Court for Davidson County. By order of July 11, 2017, the circuit court vacated the general sessions court's denial of Ms. Morrow's motion to quash discovery subpoena and void default judgment, finding that Ms. Morrow was not properly served with the civil warrant. Despite this finding, the circuit court ultimately concluded that Ms. Morrow had voluntarily submitted to the general sessions court's jurisdiction by personal appearance. Accordingly, the circuit court remanded the case to the general sessions court for trial on the merits.

Appellant raises one issue:

---

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Whether the trial court erred in remanding the case to the General Sessions Court for trial on the merits after finding that Appellant was never personally served with the civil warrant issued on October 20, 2011.

We first address the validity of the default judgment entered against Ms. Morrow in the general sessions court. Ms. Morrow alleges that the general sessions court did not obtain personal jurisdiction over her for the following reasons: (1) she was not served with the civil warrant in October of 2011; (2) the civil warrant failed to comply with Tennessee Code Annotated section 16-15-901(b) in that it did not contain the process server's address on the return;[2] and (3) that the return of service was not properly sworn to and was missing from the original court file. We have previously stated that "[b]ecause the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding." *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (citing *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at \*2 (Tenn. Ct. App. May 2, 2006)); *see also Yousif v. Clark*, 317 S.W.3d 240, 246 (Tenn. Ct. App. 2010). In *Turner v. Turner*, 473 S.W.3d 257 (Tenn. 2015), the Tennessee Supreme Court provides guidance concerning service of process, personal jurisdiction and void judgments:

> A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012); *see also Johnson v. McKinney*, 222 S.W.2d 879, 883 (Tenn. Ct. App. 1948) ("The general rule is that notice by service of process *or in some other manner provided by law* is essential to give the court jurisdiction of the parties; and judgment rendered without such jurisdiction is void and subject to attack from any angle." (emphasis added)). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay*, 387 S.W.3d at 568; *see also Overby v. Overby*, 457 S.W.2d 851, 852 (Tenn. 1970) ("That a judgment [i]n personam against a defendant who is not before the court either by service of process or by entry of appearance is void there can be no question. It is well settled that a judgment rendered against a defendant in any kind of a case, when process has never been served on him . . . in the way provided by law . . . ; and where there has been no voluntary appearance of the defendant, is clearly void." (emphasis added) (citation and internal quotation marks omitted)). A court "without personal jurisdiction of the defendant" is wholly "without power to proceed to an

---

[2] "The process server must be identified by name and address on the return." Tenn. Code Ann. § 16-15-901(b).

- 3 -

adjudication" binding on that defendant, regardless of the specific reason such jurisdiction is lacking. ***Employers Reinsurance Corp. v. Bryant***, 299 U.S. 374, 381 (1937).

***Turner v. Turner***, 473 S.W.3d 257, 271 (Tenn. 2015).

Turning to the record, we agree with the circuit court that the evidence establishes that Ms. Morrow was not properly served with the general sessions civil warrant. Ms. Morrow testified that she never received the civil warrant and never met the process server, Mr. Harrison, face-to-face. Gault offered no rebuttal to this testimony. Additionally, the civil warrant in the record contains the name and telephone number of Gault's law firm, but does not contain the address of the *process server*, as required by Tennessee Code Annotated section 16-15-901(b). Finally, as noted by the circuit court, the affidavit of the process server, detailing the manner of service, as required by Tennessee Code Annotated section 16-15-902(a) for proof of service, is missing from the record. Thus, we conclude, as found by the trial court, that Ms. Morrow was not properly served with the general sessions warrant so as to confer personal jurisdiction over Ms. Morrow to that court. Having failed to obtain personal jurisdiction over Ms. Morrow, the general sessions court was without authority to enter a default judgment against her and such judgment is void. ***Turner***, 473 S.W.3d at 271 (Tenn. 2015) (explaining that a judgment rendered without personal jurisdiction over a defendant is void). *See further* ***Homes v. Francis***, No.M2014-00729-COA-R3-CV, 2015 WL 9946265, at *4 (Tenn. Ct. App. Aug. 12, 2015) (holding that the general sessions court's default judgment was void as the court lacked personal jurisdiction over Defendant because he was never served with process).

## Conclusion

For the forgoing reasons, we affirm the circuit court's order vacating the default judgment entered in the general sessions court. We reverse the circuit court's order remanding the case to the general sessions court for a hearing on the merits and instead we remand to the circuit court with instructions to dismiss the case. Costs of the appeal are assessed against the Appellee, Gault Financial, LLC, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE