IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2019

## ENDEAVOR METALS GROUP LLC v. ANDREW MCKEVITZ

**Appeal from the Circuit Court for Blount County**
**No. E-28069 David Reed Duggan, Judge**

_____

### No. E2018-01724-COA-R3-CV

_____

This appeal arises from an action in the circuit court to set aside a default judgment entered in the general sessions court as void on the grounds the general sessions court lacked both personal and subject matter jurisdiction. After the judgment creditor filed his answer, the judgment debtor moved for summary judgment on these issues. Per the requirements of Tenn. R. Civ. P. 56.03, the judgment debtor filed a statement of undisputed material facts supported by citation to the record that the individual upon whom service of process was effectuated was not a partner, managing agent, officer, or an agent authorized to accept service of process on its behalf. In his response to the motion, the judgment creditor agreed that some of the facts were undisputed but disputed others; however, in contravention of Tenn. R. Civ. P. 56.03, he did not cite to the record in support of the facts to which he contended there was a dispute. Accordingly, the circuit court deemed all of the facts in the statement of undisputed material facts to be undisputed. Based on the undisputed facts, the circuit court granted summary judgment, concluding that the general sessions court lacked both personal and subject matter jurisdiction. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON II and KENNY W. ARMSTRONG, JJ., joined.

Stephen Harold Byrd, Knoxville, Tennessee, for the appellant, Andrew McKevitz.

Cathy Honaker Morton, Maryville, Tennessee, for the appellee, Endeavor Metals Group, LLC.

### OPINION

Andrew McKevitz ("McKevitz") filed suit against Endeavor Metals Group, LLC

("Endeavor") in Blount County General Sessions Court for alleged violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200. On November 15, 2017, when Endeavor did not appear for the hearing in the case, the general sessions court entered a default judgment in favor of McKevitz against Endeavor for $24,000, plus costs and taxes.

Seven months later, on June 13, 2018, Endeavor commenced this action by filing a Complaint for Declaratory Judgment and Injunctive Relief in Blount County Circuit Court, seeking to set aside the default judgment on two grounds: (1) lack of personal jurisdiction because McKevitz served process upon an individual not authorized to accept service on behalf of Endeavor; and (2) lack of subject matter jurisdiction because Tennessee does not recognize a private right of action under the TCPA as required by 47 U.S.C. § 227(b)(3). McKevitz filed an Answer denying such allegations.

Endeavor subsequently filed a motion for summary judgment that was properly supported by a statement of undisputed material facts, with each fact supported by citation to the record, as required by Tenn. R. Civ. P. 56.03. The supporting exhibits included the civil warrant compelling Endeavor to appear, the return of summons, the default judgment entered by the general sessions court, and an affidavit of Endeavor's authorized agent to receive service of process, setting forth that McKevitz served process on an individual who was neither him nor an individual who could otherwise accept service on Endeavor's behalf. McKevitz filed a response to Endeavor's motion and statement of undisputed material facts, in which he admitted some facts contained therein but disputed others, and McKevitz did not set forth any additional facts to be considered. As to those facts that McKevitz contended were in dispute, McKevitz did not provide citation to the record in support of such contentions as Tenn. R. Civ. P. 56.03 requires. Therefore, in ruling on Endeavor's motion for summary judgment, the trial court accepted as true all of the facts set forth in Endeavor's statement of undisputed material facts.

The facts, relevant to the issue of personal jurisdiction, were that: (1) McKevitz effectuated service of process upon an individual who was not a partner, managing agent, officer, or agent of Endeavor; and (2) this individual was otherwise not an agent authorized to accept service of process on Endeavor's behalf. Based on these facts, the trial court concluded that Endeavor was not properly served with process and accordingly that the general sessions court lacked personal jurisdiction over Endeavor to enter a default judgment against Endeavor.

The facts contained in Endeavor's statement of undisputed material facts that the trial court further accepted as true, relevant to the issue of subject matter jurisdiction, were that: (1) the TCPA allows a private right of action only if authorized by state law or state court rules; and (2) Tennessee has no such law or court rule allowing a private right of action. Based on these undisputed facts, the trial court concluded that the general

- 2 -

sessions court lacked subject matter jurisdiction over the claim to enter a default judgment against Endeavor. Therefore, in an Order entered on December 4, 2018, with Nunc Pro Tunc to August 24, 2018, the trial court granted Endeavor's motion for summary judgment and set aside the default judgment. McKevitz appealed.

McKevitz originally stated three issues for appeal.[1] However, we have determined that the dispositive issue is whether the trial court properly granted Endeavor's motion for summary judgment by concluding that there were no genuine issues of material fact, and Endeavor was entitled to judgment as a matter of law.

## STANDARD OF REVIEW

We review a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

## ANALYSIS

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Id.*

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing *Byrd*, 847 S.W.2d at 215). The summary judgment rules also require the moving party to

---

[1] McKevitz framed the issues as follows:

1. Does the State of Tennessee allow a private right of action under 47 U.S.C. § 227 or CFR 64.1200?
2. Did Blount County General Sessions Court have persona [sic] jurisdiction over Appellee Endeavor Metals Group LLC?
3. Did Appellant Andrew McKevitz make adequate citations to the record relating to Appellee's Statement of Material Facts Not in Dispute?

support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact shall be set forth in a separate, numbered paragraph" and "supported by a specific citation to the record." *Id.*

If the moving party makes a properly-supported motion, "the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin*, 271 S.W.3d at 84 (citations omitted). Additionally, the nonmoving party must respond to the moving party's statement of undisputed material facts by "either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed." Tenn. R. Civ. P. 56.03. That is, just like the moving party must support the material facts that it contends are undisputed "by a specific citation to the record," the nonmoving party must also support each material fact that it contends is disputed "by specific citation to the record." *Id.* This court has indeed stated that "[p]arties on both sides of a summary judgment motion must heed" the summary judgment standards. *Robinson v. Currey*, 153 S.W.3d 32, 39 (Tenn. Ct. App. 2004). A nonmoving party therefore "cannot take [a motion for summary judgment] lightly and is required to demonstrate why granting [the] motion . . . would be inappropriate." *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 940 (Tenn. Ct. App. 1984).

Here, Endeavor filed a motion for summary judgment and a statement of undisputed material facts, supported by citation to exhibits in the record. In so doing, Endeavor satisfied the requirements of the summary judgment rules. McKevitz responded to the motion and statement of undisputed material facts, agreeing that some facts were undisputed but disputing others. However, McKevitz did not support each disputed fact "by specific citation to the record," thereby failing to both properly "demonstrat[e] that the fact[s] [were] disputed" and to comply with the summary judgment rules. *See* Tenn. R. Civ. P. 56.03. Therefore, because McKevitz agreed that some facts in Endeavor's statement of undisputed material facts were undisputed and failed to properly dispute the others, the trial court properly deemed all the material facts in Endeavor's statement of undisputed material facts to be undisputed. And because McKevitz did not set forth any additional facts to be considered in responding to Endeavor's statement of undisputed material facts, we consider only those facts set forth in Endeavor's statement in deciding whether summary judgment was properly granted.[2]

---

[2] McKevitz's appellate argument relies on numerous facts, as stated in his brief, that are not in the trial court record. We decline to consider them. *See* Tenn. R. App. P. 13(c) (other than facts subject to judicial notice or facts discretionarily considered upon motion, appellate consideration of facts extends only to those facts set forth in the record in the trial court and established by evidence). Further, to the extent some of these facts McKevitz presents on appeal were also presented in his Answer or Response to Motion for Summary Judgment, we will not consider them for two reasons. First, parties' statements of material facts regarding a motion for summary judgment are "'intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a

- 4 -

The facts set forth in Endeavor's statement of undisputed material facts that are relevant to the question of personal jurisdiction are that the individual who was served by McKevitz and who signed the return receipt of service was not a partner, managing agent, officer, or agent of Endeavor, and the individual was not authorized to accept service on behalf of Endeavor. These facts establish that McKevitz did not deliver a copy of the civil warrant in this case "to an officer or managing agent" of Endeavor, "or to an agent authorized by appointment or by law to receive service on behalf of" Endeavor. Tenn. R. Civ. P. 4.04(3). Therefore, the general sessions court lacked personal jurisdiction over Endeavor. *See Turner v. Turner*, 473 S.W.3d 257, 271 (Tenn. 2015) (proper service of process is necessary for a court to obtain personal jurisdiction over a defendant). A court's judgment is void if the court lacked personal jurisdiction when it rendered the judgment. *Id.* at 270 (citations omitted). Accordingly, Endeavor was entitled to relief from the default judgment as a matter of law.[3] *See Ramsay v. Custer*, 387 S.W.3d 566, 569 (Tenn. Ct. App. 2012) ("[T]he Court properly vacated the default judgment as service of process that does not meet the requirements of Rule 4 is void and a judgment based on void service is a void judgment.")

Because it is undisputed that McKevitz did not properly serve Endeavor with process, we affirm the grant of summary judgment. As this issue is dispositive, we need not and do not reach the issue of whether there is a private right of action under the TCPA.

---

party's position on each of these questions.'" *Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (quoting *Owens v. Bristol Motor Speedway, Inc.*, 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001)). The court should not have to proceed further without them. *Id.* Therefore, even if evidence is otherwise in the record, it need not be considered at the summary judgment stage if not properly set forth in a statement of undisputed material facts that complies with Tenn. R. Civ. P. 56.03. Second, at the summary judgment stage, a party may not simply "rest upon the mere allegations or denials of [its] pleading . . . ." Tenn. R. Civ. P. 56.06.

[3] Additionally, McKevitz now concedes in his brief that Endeavor was not served with sufficient process. McKevitz argues, however, that Endeavor never made a limited scope appearance in the underlying action in general sessions court and that, therefore, Endeavor made a general appearance, thereby waiving the issue of personal jurisdiction. *See Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994) (reasoning that "one method of waiver is by making a voluntary 'general appearance' before the court in order to defend the suit on the merits, rather than a 'special appearance' for the purpose of contesting personal jurisdiction"). McKevitz presents this argument for the first time on appeal and has accordingly waived the argument. *See Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010) ("It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court.") (citations omitted).

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Andrew McKevitz.

_____
FRANK G. CLEMENT JR., P.J., M.S.