IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2019

## TOMEKA DOUGLAS v. COVINGTON CROSSING INC. ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-18-408      Walter L. Evans, Chancellor**

_____

### No. W2018-01513-COA-R3-CV

_____

This appeal arises from the trial court's entry of a default judgment against defendants and its denial of defendants' motion to set aside the judgment. The trial court's entry of default, however, was not a final judgment because it did not address the plaintiff's claim for damages. Accordingly, we dismiss the appeal for lack of subject matter jurisdiction
.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Mitchell Wood, Memphis, Tennessee, for the appellants, Covington Crossing, Inc., and Nash Hassen.

Tomeka Douglas, Memphis, Tennessee, appellee, pro se.[1]

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Tomeka Douglas ("Plaintiff") and Covington Crossing, Inc. and Nash Hassen (together, "Defendants") entered into a commercial lease on February 10, 2017. On March 21, 2018, Plaintiff filed a complaint in the Shelby County Chancery Court (the "trial court"). Plaintiff alleged that she had never been able to use the full square footage of the leased premises due to leaking water, mold damage, and faulty wiring. Additionally, Plaintiff alleged that, on or around February 21, 2018, Defendants—without notice—changed the locks to the back door and, soon after, began showing the leased premises to prospective tenants.

---

[1] Appellee Tomeka Douglas did not file a brief or otherwise participate in this appeal.

On April 5, 2018, Defendants filed their notice of appearance, requesting that service of all pleadings be sent to 1555 Madison Ave., Ste. 202, Memphis, Tennessee 38104. The Defendants never filed an answer or any other defense in response to the Plaintiff's complaint. On June 29, 2018, Plaintiff filed a motion for default judgment. The Certificate of Service on that motion, however, indicated that it was served to Defendants at "1555 Madison Ave., Germantown, TN 38104[.]" Moreover, the cover letter enclosing Plaintiff's motion and giving notice of the hearing date was addressed to "1555 Madison Ave., Ste. 202, Bolivar, Tennessee, 38008[,]" and the envelope enclosing the cover letter and Plaintiff's motion was addressed to "1555 Madison Avenue, Suite 202, Memphis, Tennessee 38008[.]"

On July 13, 2018, the trial court conducted a hearing on Plaintiff's motion without the presence of Defendants and, on July 20, 2018, entered an order granting Plaintiff a default judgment.[2] Defendants, however, did not receive notice of Plaintiff's motion or the hearing date until July 30, 2018, when the United States Postal Service delivered the cover letter and the motion to the proper address. After discovering that the hearing on Plaintiff's motion had been held and that the trial court had granted Plaintiff a default judgment, Defendants, on July 30, 2018, filed a motion to set aside the default judgment, alleging that they did not receive notice of the motion or hearing prior to the hearing or entry of the order. The trial court denied Defendants' motion on August 20, 2018. Defendants appealed.

## ISSUE PRESENTED

Defendants raise one issue for our review on appeal, reproduced as follows: Whether the trial court properly denied Defendants' Motion to Set Aside Default Judgment where the Motion for Default Judgment and notice of hearing contained a defective address in the certificate of service, in the cover letter, and on the enclosing envelope, the Order for Default Judgment contained a defective address, and Defendants never received actual notice of the Motion for Default or notice of the hearing.

## DISCUSSION

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we are required to review the appellate record to determine if this Court has subject matter jurisdiction to hear this appeal. Upon our review of the record, we have determined that we do not have jurisdiction because the trial court's order did not adjudicate all of the claims set forth in the complaint filed by Plaintiff on March 21, 2018. In her motion for default judgment, Plaintiff specifically requested that the trial court grant her motion and award her "the relief requested in the complaint and

___

[2] The Certificate of Service on this order was for "1515 Madison Avenue, Suite 202, Memphis, Tennessee, 38104[.]"

whatsoever other relief the Court deems necessary." However, in its order granting Plaintiff a default judgment, pursuant to Tennessee Rule of Civil Procedure 55.01, the trial court simply ordered the following: "A Default Judgment is granted[.]" "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Here, the trial court's order granting Plaintiff a default judgment adjudicates fewer than all the claims because it does not address Plaintiff's request that the trial court award her "the relief requested in the complaint and whatsoever other relief the Court deems necessary." *See Ramsay v. Custer*, 387 S.W.3d 566, 569 (Tenn. Ct. App. 2012) ("The order . . . granting a default judgment was not a final judgment as the plaintiff's claim for damages was not addressed by the Trial Court[.]"). Accordingly, the order appealed in this matter is not a final judgment and, therefore, must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Because the trial court has not yet entered a final judgment, Defendants' appeal is dismissed without prejudice.

_____
ARNOLD B. GOLDIN, JUDGE