IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 7, 2019 Session

## CORNERSTONE FINANCIAL CREDIT UNION v. JOSHUA MUNDY

**Appeal from the Circuit Court for Davidson County**
**No. 18C1640          Hamilton V. Gayden, Jr., Judge**
_____

### No. M2018-01624-COA-R3-CV
_____

A credit union initiated this action on December 12, 2007, by filing a civil warrant to recover an amount alleged to be due on an account. On June 14, 2011, after several unsuccessful attempts to serve the warrant, a return on service was filed indicating that the defendant had been served with the warrant; a default judgment in the amount of $13,717.79 was entered on July 25, 2011. The credit union levied on the defendant's bank account on April 25, 2018, following which the defendant moved the general sessions court to set aside the judgment on the ground that service of the warrant was defective and the judgment was void; the court granted the motion and set the case for trial. Before the trial could be held, the credit union appealed to the circuit court, where the defendant moved for summary judgment to affirm the general sessions court's order setting aside the judgment. The circuit court dismissed the action pursuant to Tennessee Rule of Civil Procedure Rule 12.02(3), holding that service of the warrant was not in compliance with the applicable statutes. The credit union appeals. Upon our *de novo* review, we have determined that the record does not show that the defendant was duly served with the warrant that led to the default judgment and, as a result, the judgment entered against him is void. Because of the current proceeding, however, trial on the merits has not been held. Accordingly, we affirm the holding of the circuit court that the judgment of the general sessions court is void, modify the judgment of the circuit court to reinstate the credit union's cause of action, and remand the case to the circuit court with instruction to remand it to the general sessions court for trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Modified in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Charles Michels, Nashville Tennessee, for the appellant, Cornerstone Financial Credit Union.

David M. Anthony, Nashville, Tennessee, for the appellee, Joshua Mundy

**OPINION**

**I. FACTUAL AND PROCEDURAL HISTORY**

Cornerstone Financial Credit Union initiated this action by filing a civil warrant in Davidson County General Sessions Court on December 12, 2007, against Joshua Mundy, seeking to recover the $10,752.10 balance due on an account plus interest, attorney fees, and costs. The warrant, bearing a service address of 2310 Siefried Street, Nashville, was returned unserved on January 3, 2008, signed by a "C. Prater" with the notation "Joshua Mundy is not to be found in my county, other, not at address listed." A second warrant, issued on July 21, 2008, and listing a service address of Post Office Box 280471, Nashville, was returned on July 29. A third warrant, issued on June 16, 2009, bearing a service address of 1615 Underwood Street, Nashville, was returned June 22; both were signed as unserved by the same server. A fourth warrant, issued on June 8, 2011, for service at 1615 Underwood Street, Nashville, was returned signed by "J. Smith" on June 14, with the notation "served Joshua Mundy"; the warrant states that a hearing was set for July 25. On that day, a default judgment was entered against Mr. Mundy in the amount of $13,717.79 ("the July 25 Judgment").

Nearly seven years later, on April 25, 2018, Cornerstone levied upon Mr. Mundy's account at Pinnacle National Bank, seeking $20,900.49 and capturing $17,481.12. On May 21, Mr. Mundy moved the general sessions court to set aside the default judgment pursuant to Tennessee Rule of Civil Procedure 60.02(5) and to quash the levy, arguing that service of the warrant was defective and, accordingly, the court did not have personal jurisdiction over Mr. Mundy when it entered the judgment, thereby rendering the judgment void; he supported the motion with his affidavit. Cornerstone responded, and the motion was heard on May 31. The court entered an order on June 22, 2018, setting aside the July 25 Judgment and setting the case for a trial on August 1.

Cornerstone appealed the general sessions court's ruling to Davidson County Circuit Court on June 25, 2018. Mr. Mundy moved for summary judgment, and filed a statement of undisputed material facts, supported by the same affidavit he had filed in general sessions court, and the affidavit of his counsel, David Anthony. Mr. Mundy argued that the court did not have personal jurisdiction over him and accordingly, the case should be either dismissed or remanded to the general sessions court. In turn, Cornerstone responded to the motion for summary judgment, moved the circuit court to dismiss the Motion to Set Aside that Mr. Mundy had filed in the general sessions court,

arguing that Mr. Mundy should have filed a common law or statutory writ of certiorari instead, and to set the case for trial.

The trial court heard all motions on August 17 and entered an order on August 24, dismissing the case pursuant to Tennessee Rule of Civil Procedure 12.02, holding that the return of process on the default judgment warrant "does not state the process server's address and does not describe the manner of service" and, consequently, that the service did not comply with Tennessee Code Annotated sections 16-15-901(b)[1] and 16-15-902(a).[2] Cornerstone appeals, stating two issues:

> 1. Whether the Trial Court erred when it held that the general sessions court lacked personal jurisdiction over Appellee at the time the general sessions court granted Appellant's July 25, 2011 judgment against Appellee, rendering the 2011 judgment void because the return of process, personally served upon Appellee, does not include: a) the address of the process server, the Davidson County Sheriff's Office; and b) a description of the manner of service, instead stating, "[c]ame to hand same day issued and executed as commanded on: served Joshua Mundy."

> 2. Whether the Trial Court erred when it failed to grant Appellant's Motion to Dismiss Appellee's Motion to Set Aside Judgment on the ground that such action should have been brought by statutory or common law writ of certiorari.

## II. ANALYSIS

As noted in *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009)), questions regarding the court's exercise of personal jurisdiction should be raised and

---

[1] Tennessee Code Annotated section 16-15-901(b) states:

> A civil warrant, attachment or any other leading process used to initiate an action in general sessions court and subpoenas or summons may be served by any person designated by the party or the party's attorney, if represented by counsel, who is not a party to the action and is not less than eighteen (18) years of age. Service of other process and orders of the courts of this state shall be by sheriffs, constables or as provided by law. The process server must be identified by name and address on the return.

[2] At the time this case was initiated, Tennessee Code Annotated section 16-15-902(a) stated, "Any person serving the process from the general sessions court shall promptly and within the time during which the person is served must respond, make proof thereof to the court and shall identify the person served and shall describe the manner of service." At some point, which is not clear from the either the bound version of the statute or the version available on Westlaw, the statute was amended to replace the word "thereof" with the words "of service." The difference in the wording of the statute is not pertinent to our resolution of this appeal.

decided pursuant to Tennessee Rule of Civil Procedure 12.02(2), notwithstanding the fact that matters outside the pleadings may be considered. "The plaintiff bears the ultimate burden of demonstrating that the trial court may properly exercise personal jurisdiction over a defendant." *Id*. (citing *Chenault v. Walker,* 36 S.W.3d 45, 56 (Tenn. 2001); *Davis Kidd Booksellers, Inc. v. Day–Impex, Ltd.,* 832 S.W.2d 572, 577 (Tenn. Ct. App. 1992). A defendant who takes issue with personal jurisdiction may file a Rule 12.02(2) motion, which may be supported by affidavit or other evidentiary materials. *Gordon*, 300 S.W.3d at 643-44. If the defendant supports the motion with affidavits, the plaintiff "must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." *Id*. at 644 (*citing Chenault*, 36 S.W.3d at 56 and *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 854-55 (Tenn. Ct. App. 2000)). "A decision regarding the exercise of personal jurisdiction over a defendant involves a question of law . . . [and] the appellate courts will review a trial court's decision to grant or deny a Tenn. R. Civ. P. 12.02(2) motion de novo with no presumption of correctness…." *Id*. at 645.

In our analysis, we are also guided by the Tennessee Supreme Court's discussion of jurisdiction and judgments in *Turner v. Turner*:

### A. Jurisdiction Generally

The lawful authority of a court to adjudicate a controversy brought before it depends upon that court having jurisdiction of the subject matter and jurisdiction of the parties. . . . Personal jurisdiction refers to the power of a court over the parties to the controversy to render a binding judgment.

. . . [P]ersonal jurisdiction recognizes and protects an individual liberty interest that flows from the Due Process Clause and requires that maintenance of the suit "not offend 'traditional notions of fair play and substantial justice.'" "It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." Because the requirement of personal jurisdiction functions to protect an individual right, it can, like other such rights, be waived.

### B. Void Judgments

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, [the] exception to finality would swallow the rule." A judgment rendered by a court lacking either personal or subject matter jurisdiction is void. Nevertheless, a judgment of a court of general jurisdiction is presumed to be valid and will be held void only when "its invalidity is disclosed by the face of that

4

judgment, or in the record of the case in which that judgment was rendered."

> A [judgment] is absolutely void if it appears on the face of the record itself either that the Court had no general jurisdiction of the subject matter, or that the [judgment] is wholly outside of the pleadings, and no consent thereto appears. A [judgment] is void as to any person shown by the record itself not to have been before the Court in person, or by representation. A [judgment] not prima facie void is valid and binding....

> All [judgments] not thus appearing on their face to be void are absolutely proof against collateral attack, and no parol proof is admissible on such an attack to show any defect in the proceedings, or in the [judgment].

*Gentry* [*v. Gentry*], 924 S.W.2d [678] at 680 (Tenn. 1996) (quoting William H. Inman, *Gibson's Suits in Chancery* § 228 at 219–20 (7th ed. 1988)). If the defect allegedly rendering the challenged judgment void is not apparent from the face of the judgment or the record of the proceeding from which the challenged judgment emanated and must instead be established by additional proof, the judgment is merely voidable, not void.

C. Obtaining Personal Jurisdiction

A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012); see also *Johnson v. McKinney*, 32 Tenn. App. 484, 222 S.W.2d 879, 883 ([Tenn. Ct. App.] 1948) ("The general rule is that notice by service of process or in some other manner provided by law is essential to give the court jurisdiction of the parties; and judgment rendered without such jurisdiction is void and subject to attack from any angle." (emphasis added)). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay*, 387 S.W.3d at 568; *see also Overby v. Overby*, 224 Tenn. 523, 457 S.W.2d 851, 852 ([Tenn.] 1970) ("That a judgment [i]n personam against a defendant who is not before the court either by service of process or by entry of appearance is void there can be no question. It is well settled that a judgment rendered against a defendant in any kind of a case, when process has never been served on him ... *in the way provided by law* ...; and where

there has been no voluntary appearance of the defendant, is clearly void." (emphasis added) (citation and internal quotation marks omitted)). A court "without personal jurisdiction of the defendant" is wholly "without power to proceed to an adjudication" binding on that defendant, regardless of the specific reason such jurisdiction is lacking.

473 S.W.3d 257, 269–71 (Tenn. 2015) (some internal citations omitted). Bearing these standards in mind, we turn to the facts established in the record.

In support of the motion, Mr. Mundy filed the affidavit he had filed in general sessions court with the motion to set aside the default judgment, a Tennessee Rule of Civil Procedure 56.03 statement of undisputed material facts, and his counsel's affidavit. Cornerstone filed a response to Mr. Mundy's Rule 56.03 statement. In his Rule 56.03 statement, Mr. Mundy set forth the history of the number of warrants issued, the dates of issuance, and the results of attempted service. The only statements Cornerstone did not admit were the following:

> 7. The return of process on the Default Judgment fails to provide the process server's address.
>
> > RESPONSE: Disputed to the extent that this fact is immaterial, at least in part because the only sheriff authorized to serve process in Davidson County is an officer of the Davidson County's Sherriff Office, whose address is public record.
>
> 8. Defendant denies service of the last Alias Warrant upon which the Default Judgment was based.
>
> > RESPONSE: Disputed as a matter of law whether Defendant's affidavit that he was not served can stand to contradict the Sheriff's statement that Defendant was served. The Sheriff's statement that he served Defendant is not nullified solely because the Sheriff did not designate at which of two addresses he served Defendant, or include the Sheriff's address.
>
> 9. The first notice that Defendant received that the Default Judgment was entered was when Pinnacle Bank sent to Defendant's residence at 220 Solitude Circle, Goodlettsville, Tennessee 37072, the notice of the bank levy dated May 2, 2018, and that Pinnacle Bank was taking $17,481.12 from Defendant's bank accounts at Pinnacle.
>
> > RESPONSE: Denied. See Exhibit 1, attached hereto, which establishes that Defendant corresponded with Plaintiff's

6

representative in regards to this judgment at least on May 31, 2012, June 25, 2014, February 9, 2016, December 20, 2016, and September 21, 2017.[3]

The pertinent portion of Mr. Mundy's affidavit states:

5. At no time was I served with any of this process, nor did I receive notice that these service attempts were occurring.

6. Plaintiff allegedly obtained service on me on June 14, 2011, only six days after issuing its third Alias Summons on June 8, 2011 (the "Served Warrant"), and over three and a half years after the Filing Date.

7. Based on the Served Warrant, Plaintiff received a Default Judgment against me on July 25, 2011 (the "Default Judgment").

8. The Default Judgment was based on a service of process that failed to state the location where I was served and failed to provide any other information related to the alleged service, including the address of the process server. The address in Nashville listed on the Served Warrant was a rental property that I used to own.

9. I deny service of the Alias Warrant and, specifically, deny receiving the Alias Warrant on June 14, 2011.

10. I did not receive any other notice of this lawsuit being filed, of the Civil Warrant, or of the prior Alias Summonses.

11. I did not receive any letters, correspondence, or demands between the alleged service on June 14, 2011, the entry of the Default Judgment, or the various executions in this matter.

---

[3] Exhibit 1 to Cornerstone's response contains an unverified "Statement of Account" from Cornerstone's law firm; an unverified "Pleadings Report" from the general sessions court listing the history of warrants, returns, garnishments, etc., issued in the case from December 12, 2007 to May 21, 2018; an unverified page from CaseLink giving the history of aliases issued; and an eight page unverified and untitled document, which appears to be either Cornerstone's or the law firm's record of efforts made to collect the account. The memorandum filed with Cornerstone's response to the Rule 56.03 statement does not refer to the exhibit, and there is no affidavit or other verification establishing a foundation that would enable us to consider the documents or the veracity of any matter contained therein. *See* Tenn. R. Civ. P. 56.06. In any event, the matters in the exhibit referenced by Cornerstone in its response are all dated after the date of entry of the July 25 Judgment and, consequently, have no bearing on the question of service of the warrant issued June 8, 2011.

12. The first notice that I received that the Default Judgment was entered was when Pinnacle Bank sent to my residence at 220 Solitude Circle, Goodlettsville, Tennessee 37072, the notice of the bank levy dated May 2, 2018, and that Pinnacle Bank was taking $17,481.12 from my bank accounts at Pinnacle.

The statements in Mr. Mundy's affidavit attest that he was not served with the warrant.

We agree with the trial court that service of the warrant did not comply with Tennessee Code Annotated sections 16-15-901(b) and 16-15-902(a) which state:

> A civil warrant, attachment or any other leading process used to initiate an action in general sessions court and subpoenas or summons may be served by any person designated by the party or the party's attorney, if represented by counsel, who is not a party to the action and is not less than eighteen (18) years of age. Service of other process and orders of the courts of this state shall be by sheriffs, constables or as provided by law. The process server must be identified by name and address on the return.

Tennessee Code Annotated section 16-15-901(b).

> Any person serving the process from the general sessions court shall promptly and within the time during which the person is served must respond, make proof of service to the court and shall identify the person served and shall describe the manner of service.

Tennessee Code Annotated section 16-15-902(a) (2009). Read together, the statutes allow the warrant to be served by someone other than the sheriff and require that the server be identified by name and address on the warrant, along with the manner of service.

The return in this case states:

> Came to hand same day issued and executed as commanded on:
> *served Joshua Mundy*
>
> Served                *6-14*                . 20*11*
>
>       *J Smith*                                    John Smith
>
> _____
>                                                         Sheriff (Constable)

(Items in italics are handwritten; the "John Smith" in regular print appears to be a stamp).

8

Contrary to Cornerstone's argument, the return of service on the warrant does not comply with the above statutes in that it does not describe the manner of service and does not identify or give an address for John Smith.[4]  Cornerstone did not file an affidavit of the person who purportedly served the warrant or any other evidence from which to satisfy its burden of establishing that the court had personal jurisdiction over Mr. Mundy through valid service of process.  The statements in the affidavit are undisputed; consequently, the judgment entered in general sessions court was void.  *Turner*, 473 S.W.3d at 271; *Ramsay v. Custer*, 387 S.W.3d at 568; *Johnson v. McKinney*, 222 S.W.2d at 883.

Relief from a void judgment is available pursuant to Tennessee Rule of Civil Procedure 60.02(3).  Cornerstone argues that Tennessee Code Annotated section 16-15-727(b)[5] bars Mr. Mundy from relief under Rule 60.02.  We do not agree.  As the advisory comment to Rule 60.02 notes:

> Rule 60.02 provides that a motion filed pursuant to the Rule "shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken."  The Supreme Court, however, has held that "the reasonable time filing requirement of Rule 60.02 does not apply to petitions seeking relief from void judgments under Rule 60.02(3)." *Turner v. Turner*, 473 S.W.3d 257, 260 (Tenn. 2015).  But the Court went on to also hold in *Turner* that relief from a void judgment should nevertheless be denied "if the following exceptional circumstances exist: '(1) [t]he party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid; and (2) [g]ranting the relief would impair another

---

[4]  We take judicial notice that Daron Hall, not John Smith, is the Sheriff for Davidson County; Sheriff Hall was sworn into office in 2002 and elected to his fifth term in 2018.  *See* DAVIDSON COUNTY SHERIFF'S OFFICE, "Meet Sheriff Hall," https://sheriff.nashville.gov/meet-sheriff-hall/ (last visited October 14, 2019).

[5]  Tennessee Code Annotated section 16-15-727(b) states:

> Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 shall be filed within ten (10) days of the date of judgment. Once filed, the motion shall toll the ten-day period for seeking *de novo* review in the circuit court until the determination of the motion is concluded. Thereafter, an appeal for *de novo* review in the circuit court shall be filed within ten (10) days of the general sessions court's ruling on the motion to relieve a party or the parties' legal representative from a final judgment, order or proceeding in the same manner as provided in Tenn. R. Civ. P. 60.02.

person's substantial interest of reliance on the judgment.' Restatement (Second) of Judgments § 66 (1982)." *Id.*

Inherent in the ruling in *Turner* is the recognition that actual notice of the judgment is a prerequisite to the ability to seek relief pursuant to Rule 60.02(3). As noted previously, the statements in Mr. Mundy's affidavit are undisputed, and the non-compliant return of service does not satisfy the statutory burden on Cornerstone to show that proper service was effected. The record plainly demonstrates that service was not carried out according to law and that Mr. Mundy was not before the general sessions court, in person or by representative, such that the court obtained personal jurisdiction over him; the July 25 Judgment was void for lack of personal jurisdiction. Moreover, it would work a substantial injustice to Mr. Mundy to deny him relief from a judgment entered in 2011 in an action which had been initiated with a civil warrant filed in 2007 but not executed on until 2018. Under the facts of this case, section 16-15-727(b) does not prevent the general sessions court from exercising its authority to determine the validity of the judgment and to grant Mr. Mundy relief.

### III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed insofar as it dismisses the appeal of the order setting aside the July 25 Judgment. The general sessions court entered an order on June 22, 2018, in which it held that Mr. Mundy "has now submitted himself to the jurisdiction of the court by appearing in this matter," and proceeded to set a trial date; that finding was not appealed to the circuit court and is not contested on appeal. Because of the current proceeding, however, trial on the merits has not been held. Accordingly, we modify the judgment to reinstate Cornerstone's claim on the account and remand the case to the trial court with instruction to remand it to the general sessions court for trial.

RICHARD H. DINKINS, JUDGE

10