IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 14, 2019 Session

## APEXWORKS RESTORATION v. DEREK SCOTT ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 18C1399  Kelvin D. Jones, Judge**

_____

### No. M2019-00067-COA-R3-CV
_____

This case involves statutory interpretation of the requirements for service by private process servers in the General Sessions Courts and whether or not a party has been properly served. Plaintiff obtained default judgments in General Sessions Court against two individuals, a man and a woman, who were living together. Although the process server stated on the return that both parties had been served, only the man had been served. Three years later, in an effort to aid in the execution on the default judgments, the plaintiff had subpoenas issued against both defendants, but only the woman was served. The defendants then moved to quash the subpoena as against her and, additionally, to void the default judgments, alleging that the plaintiff had failed to properly serve them with the civil warrant and the subpoenas. The General Sessions Court denied the motion, and the defendants thereafter appealed to the trial court. Having found that only the man had been properly served with the civil warrant, the trial court affirmed the default judgment as against him and voided the default judgment as against the woman. Additionally, the trial court found that, while the judgment was void as against the woman, she had been properly served with the subpoena and was thus required to respond to it. Defendants appealed. We affirm the judgment of the trial court as modified.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

T. Blaine Dixon, Clarksville, Tennessee, for the appellants, Derek Scott, and Tracey McKinney.

Scott D. Weiss, Nashville, Tennessee, for the appellee, Apexworks Restoration.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

On January 27, 2015, Apexworks Restoration ("Plaintiff") filed a civil action for breach of contract against Derek Scott and Tracey McKinney ("Defendants") in the General Sessions Court of Davidson County. On February 28, 2015, Thomas Gowan of Southern Process Servers personally served Mr. Scott with the civil warrant at his and Ms. McKinney's residence. Ms. McKinney, however, was not at home at the time and was not served with the civil warrant. Mr. Gowan, nevertheless, noted on the return that he had served both Mr. Scott and Ms. McKinney. The case was set to be heard on March 17, 2015, and, when Defendants failed to appear, the General Sessions Court entered default judgments against both of them on behalf of Plaintiff in the amount of $1,272.98.

On January 9, 2018, in an effort to aid in execution on the default judgments, Plaintiff had subpoenas issued against both Defendants. On this occasion, E. A. Fox of Southern Process Servers failed to serve Mr. Scott with the subpoena,[1] but he did serve Ms. McKinney at the residence on February 3, 2018. Because Ms. McKinney failed to appear on the date set by the subpoena, the General Sessions Court, on March 23, 2018, issued a show cause order. On May 14, 2018, Defendants filed a motion to quash the subpoena issued to Ms. McKinney and to void the default judgments entered against both of them. As to both requests, Defendants argued that Messrs. Gowan and Fox failed to comply with Tennessee Code Annotated section 16-15-901(b), asserting that they failed to include their addresses on the returns of the warrant and the subpoena, respectively, and that neither process server was properly "designated" to serve process pursuant to Tennessee Code Annotated section 16-15-901(a). The General Sessions Court denied Defendants' motion, and, on May 29, 2018, Defendants appealed to the Circuit Court of Davidson County (the "trial court").

The appeal was heard on November 28, 2018, and the trial court entered its order on December 10, 2018. In its order, the trial court found that Mr. Scott had accepted personal service by signing the civil warrant but that Ms. McKinney had not been properly served. Additionally, the trial court found that, by her counsel's own admission during the hearing, Ms. McKinney did receive personal service of the January 9, 2018 subpoena. Accordingly, the trial court upheld the default judgment against Mr. Scott but rendered it void *ab initio* as against Ms. McKinney. The trial court also ordered that Ms. McKinney respond to the subpoena issued by the General Sessions Court within a reasonable time. Ultimately, the trial court remanded the case to the General Sessions Court, where execution upon the default judgment against Mr. Scott could commence. Defendants timely appealed.

---

[1] Indeed, Mr. Fox noted on the subpoena that he failed to serve a copy of the subpoena on Mr. Scott because "[a]fter multiple attempts at [the] address provided, Derek Scott [was] not found[.]"

**ISSUES PRESENTED**

On appeal, Defendants raise three issues for our review, which we rephrase as follows:

1. Whether the trial court erred in finding that Mr. Scott, by signing the February 28, 2015 civil warrant and accepting it, waived insufficient service of process when the process server had not been designated to serve the warrant and did not make a proper return of service of the warrant by failing to include his address on the return.
2. Whether the trial court erred in concluding that Ms. McKinney was subject to the January 9, 2018 subpoena after it had rendered void *ab initio* the default judgment against her.
3. Whether the trial court erred in finding that Ms. McKinney was properly served with the subpoena when the process server had not been designated to serve the subpoena and did not make a proper return of service of the subpoena by failing to include his address on the return.

Plaintiff raises one additional issue: whether Defendants' motion to void the default judgments was untimely filed and, thus, the General Sessions Court lacked jurisdiction to rule on the matter. Plaintiff also requests that this Court include an award of reasonable attorney's fees in the amount of $2,000.00 to be added to the judgment from the General Sessions Court.

**STANDARD OF REVIEW**

In non-jury cases, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review the trial court's resolution of questions of law de novo with no presumption of correctness. *See Armbrister*, 414 S.W.3d at 692.

**DISCUSSION**

**A. Plaintiff's Jurisdictional Issue**

We first address the jurisdictional issue raised by Plaintiff. In its brief on appeal, Plaintiff contends that this Court "need not get to the service of process issue as the Motion to Void Default Judgment was untimely filed." We interpret this contention as an issue pertaining to whether or not the General Sessions Court had already lost its jurisdiction to entertain Defendants' motion to void the default judgments. In support of its argument, Plaintiff cites to Tennessee Code Annotated section 16-15-727(b) and

*Tennessee Protection Agency, Inc. v. Mathies*. Section 16-15-727 provides the following in relevant part:

> Tenn. R. Civ. P. 60.02, regarding mistakes, inadvertence, excusable neglect, fraud and other similar reasons set out in that rule, shall apply to all courts of general sessions. A motion under the general sessions court's authority under Tenn. R. Civ. P. 60.02 *shall be filed within ten (10) days* of the date of the judgment.

Tenn. Code Ann. § 16-15-727(b) (emphasis added). Here, the General Sessions Court entered the default judgments against Defendants on March 17, 2015, but Defendants did not file their motion to void such judgments until May 14, 2018, more than three years later. In *Mathies*, the Tennessee Protection Agency ("TPA") filed a civil warrant in the General Sessions Court on October 2, 2008 against Jordan Mathies for legal malpractice. *Tennessee Protection Agency, Inc. v. Mathies*, No. M2009-01775-COA-R3-CV, 2010 WL 2889316, at *1 (Tenn. Ct. App. Jan. 12, 2011). When the case came to be heard on December 3, 2008, Mr. Mathies did not appear, and the General Sessions Court entered a default judgment in favor of TPA. *Id*. When Mr. Mathies appeared in court on January 21, 2009,[2] he discovered the default judgment entered against him and, on January 29, 2009, filed a motion for relief pursuant to Tennessee Rule of Civil Procedure 60.02. *Id*. After a hearing, the General Sessions Court set aside the default judgment. *Id*. TPA appealed to the circuit court, which vacated the General Sessions Court's order, holding as follows:

> Tennessee Code Annotated § 16-15-727 . . . allows a party to file a Rule 60.02 motion in the General Sessions Court to set aside a default judgment on the grounds set forth in the statute. However, the statute goes on to state that the "Rule 60.02 [motion] *shall* be filed within ten (10) days of the date of the judgment." (Emphasis added). The use of the "shall" makes it mandatory that the party filing the motion must file the motion within ten (10) days of the entry of the judgment that it wishes to set aside.
>
> In the present case, a default judgment was entered against the Defendant on December 3, 2008. The Defendant however did not file his Rule 60.02 motion to set aside the default judgment until January 27, 2009, beyond the ten (10) day limited [sic] required by T.C.A. § 16-15-727 to file such a motion. Accordingly, at the time that the Defendant filed his untimely motion, the General Sessions Court had already lost jurisdiction to

---

[2] The case was originally set to be heard on November 12, 2008. Mr. Mathies, however, sent a fax to the clerk's office about continuing the case, requesting that the hearing be reset for January 21, 2009. It was his understanding that the hearing had been rescheduled for that date. TPA objected to the delay, but agreed to have the case continued until December 3, 2008. TPA sent a letter to Mr. Mathies, notifying him of the new hearing date, but Mr. Mathies denied ever receiving it. *Id*.

rule on the matter. Accordingly, the subsequent order of the General
Sessions Court setting aside the default judgment was without authority and
was therefore null and void.

*Id*. at *1-2. On appeal, we agreed with the circuit court, concluding that, because Mr.
Mathies "failed to file a motion to set aside the default judgment within ten days, the
general sessions court lost jurisdiction to set aside its judgment." *Id*. at *4. Accordingly,
here, Plaintiff argues that because Defendants filed their motion to void the default
judgments more than three years after their entry, the General Sessions Court had already
lost jurisdiction to rule on the matter pursuant to Tennessee Code Annotated section 16-
15-727(b). After our review of the technical record and the relevant case law, however,
we conclude that the 10-day requirement is not applicable to the facts of the present case.

In *Homes v. Francis*, the plaintiff had filed detainer and civil warrants in the
General Sessions Court on June 7, 2004 to regain possession of property and to collect
unpaid rent. *Homes v. Francis*, No. M2014-00729-COA-R3-CV, 2015 WL 9946265, at
*1 (Tenn. Ct. App. Aug. 12, 2015). On July 7, 2004, the General Sessions Court entered
a default judgment for possession of the property, and, on October 6, 2004, entered a
second default judgment awarding damages for the unpaid rent. *Id*. More than eight
years later, on March 6, 2013, a garnishment was issued against the defendant, who then
moved to quash the garnishment and to set aside the default judgment on the ground that
it was void because he was never served with process. *Id*. The motion was granted in
favor of the defendant, and the plaintiff appealed to the circuit court. *Id*. at *1-2. The
circuit court reversed the General Sessions Court's decision, holding that the defendant's
motion to quash and set aside the default judgment was untimely filed pursuant to
Tennessee Code Annotated section 16-15-727(b). *Id*. at *2. This Court, however, held
the following on appeal as it pertained to the money judgment[3] entered against the
defendant:

In reliance on Tenn. Code Ann. § 16-15-727, Plaintiff argues that [the
defendant's] motion to quash and set aside the October 6, 2004 judgment
which was filed in General Sessions Court was untimely because it was not
filed within 10 days of the default judgment. As set forth above, service of

---

[3] In *Homes*, the defendant asserted that the judgment to regain possession of the property as well
as the money judgment were void because he was not personally served with process. *Id*. However, a
different statute regarding service of process applies to the former. Tennessee Code Annotated section
29-18-115 governs service of process in forcible entry and detainer actions, which provides the following
in relevant part: "In commencing an action under this chapter, summons *may be served upon any adult
person found in possession of the premises* . . .; and service of process upon such party in possession shall
be good and sufficient to enable the landlord to regain possession of such landlord's property." Tenn.
Code Ann. § 29-18-115(a)(1) (emphasis added). Because the defendant did not dispute that his father was
served with and signed the detainer warrant, we held that such service on the father was sufficient for the
plaintiff to regain possession of the property. *Id*. at *3.

process in a manner provided by law must be achieved in order for a court to have jurisdiction to enter a judgment against a defendant. The record does not demonstrate that [the defendant] was personally served in a manner which complied with Tenn. Code Ann. § 16-15-903(1); thus, the court lacked jurisdiction over [the defendant] in order to render a money judgment against him. The judgment so entered was void.

*Id*. at \*4. Thus, the *Homes* decision stands for the proposition that the 10-day requirement in Tennessee Code Annotated section 16-15-727(b) is inapplicable when the basis upon which relief is sought is that service of process was never achieved, thereby rendering the judgment void *ab initio*.

This reasoning is in harmony with the Tennessee Supreme Court's holding in *Turner v. Turner*. There, the Court held that "the reasonable time filing requirement of Rule 60.02 *does not apply to petitions seeking relief from void judgments* under Rule 60.02(3)." *Turner v. Turner*, 473 S.W.3d 257, 260 (Tenn. 2015) (emphasis added). Accordingly, the underlying rationale is identical in both decisions: that, generally speaking, there should be no time limit on seeking relief from a void judgment because, in the eyes of the law, such a judgment does not exist.[4] Moreover, the *Homes* and *Mathies* decisions can be distinguished from one another in a significant respect. As noted above, in *Homes*, the defendant sought relief from the default judgment on the ground that it was void because he was never properly served. *Homes*, 2015 WL 9946265, at \*4. In *Mathies*, however, the defendant sought relief from the default judgment on the ground of mistake, inadvertence, surprise, or excusable neglect. *Mathies*, 2010 WL 2889316, at \*1. Because the defendant in *Mathies* did not move to set aside the judgment on the ground that it was void, Tennessee Code Annotated section 16-15-727(b) required him to file his motion within 10 days after the entry of the judgment. Accordingly, we conclude, in this case, that the General Sessions Court did have jurisdiction to rule on Defendants' motion to void the default judgments.

---

[4] The Restatement (Second) of Judgments provides the following in support of this rationale:

Relief sought on the ground of the invalidity of the judgment may be obtained without regard to time limits, except when a statute of limitations applies to the claim for relief from the judgment itself . . . . The right to challenge jurisdiction makes him an instrument for confining judicial authority to its prescribed limits. The fact that the challenge may be asserted after judgment gives it additional weight and effect. In any case, no public purpose is served by protecting the judgment. By hypothesis the proceeding was infected by fundamental error, usually attributable to the plaintiff's own acts or omissions. Since the judgment was by default no significant investment of judicial effort was made. Thus, the judgment is supported by none of the considerations supporting preclusion and properly may be treated as wholly abortive.

Restatement (Second) of Judgments § 65 cmt. b (1982).

## B. Defendants' Issues Pertaining to Mr. Scott

Having determined that the General Sessions Court had jurisdiction to adjudicate Defendants' motion to void the default judgments—and, consequently, that the trial court had jurisdiction to adjudicate Defendants' appeal of the General Sessions Court's denial of that motion—we turn next to Defendants' argument that the default judgment is void as against Mr. Scott. In its order, the trial court found that Mr. Scott "signed the General Sessions Court Civil Warrant accepting personal service and submitting to the personal jurisdiction of the court[.]" Defendants, however, raise two arguments, asserting that Mr. Scott's signing the warrant is immaterial because Mr. Gowan, the private process server, (1) "did not make proper return on the service" and (2) "had not been designated thereby giving him authority to serve the warrant[.]" We address each argument in turn.

While it is undisputed that Mr. Gowan did not include his address on the return of service as required by Tennessee Code Annotated section 16-15-901(b),[5] it is also undisputed that Mr. Gowan personally served Mr. Scott in accordance with Tennessee Code Annotated section 16-15-903(1)[6] and, further, that Mr. Scott signed the warrant. In *Turner*, the Supreme Court stated the following:

> A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer* 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012); *see also Johnson v. McKinney*, 222 S.W.2d 879, 883 (Tenn. Ct. App. 1948) ("The general rule is that notice by service of process or in some other manner provided by law is essential to give the court jurisdiction of the parties; and judgment rendered without such jurisdiction is void and subject to attack from any angle."). "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay*, 387 S.W.3d at 568[.]

*Turner*, 473 S.W.3d at 271 (emphasis removed from original). Accordingly, it is the *service* of process—rather than the *return* of service—that must be accomplished before a court obtains personal jurisdiction over a party defendant. As indicated by the *Turner* court, the essential purpose of service of process is to provide notice of a pending judicial proceeding. *See also Hall v. Haynes*, 319 S.W.3d 564, 575 (Tenn. 2010) (noting that the purpose of service of process is "to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial

---

[5] Section 16-15-901(b) provides that "[t]he process server must be identified by name and address on the return." Tenn. Code Ann. § 16-15-901(b).

[6] Tennessee Code Annotated section 16-15-903(1) provides that, in general sessions court, an individual is properly served "by delivering a copy of the warrant, writ or other papers to the individual *personally*[.]" Tenn. Code Ann. § 16-15-903(1) (emphasis added).

proceedings.") (quoting *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528, 530 (Tenn. 1983)).  Having been personally served with the warrant—and by signing it—Mr. Scott received "adequate notice of the pending judicial proceedings" such that the General Sessions Court obtained personal jurisdiction over him.  The fact that the process server failed to include his address on the return does nothing to render that notice ineffective.[7]

As to the argument that Mr. Gowan had not been properly designated to serve the civil warrant, Defendants cite Tennessee Code Annotated section 16-15-901(a), asserting that Plaintiff failed to designate a "person" to serve as the process server.  Section 16-15-901(a) provides the following in relevant part:

> Upon filing of civil warrants . . . the clerk of the general sessions court . . . shall issue the required process . . . and cause it . . . to be delivered for service to the person authorized to serve process as may be designated by the party filing the civil warrant . . . or the party's attorney if represented by counsel.

Tenn. Code Ann. § 16-15-901(a).  According to Defendants, Plaintiff "failed to designate" Mr. Gowan as the process server because he was not designated by name on the civil warrant.  Additionally, Defendants argue that the responsibility for designation of a person to serve process "cannot be delegated to some third party" such as Southern Process Servers.  Defendants cite to no cases, however, nor have we found any, to support this interpretation of section 16-15-901(a).  Therefore, we must construe the statute in accordance with the well-defined precepts of statutory interpretation.

Statutory interpretation is a question of law that is reviewable on a de novo basis without any presumption of correctness.  *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000).  Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope.  *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002).  In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing.  *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005).  When a statute is clear, we apply the plain meaning without complicating the task.  *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).  Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component

---

[7] Indeed, such reasoning has been adopted by our Legislature, as well.  While it has no effect on the case presently before us, it is worth noting that an amendment to section 16-15-901(b)—which will take effect January 1, 2020—will include the following language: "Failure of the process server to include [his or her name and address] does not render the service invalid if the service is otherwise valid[.]"

parts are consistent and reasonable." *Marsh v. Henderson*, 424 S.W.2d 193, 196 (Tenn. 1968).

As is relevant here, section 16-15-901(a) provides that, upon the filing of a civil warrant, the clerk of the general sessions court shall issue the required process and "cause it . . . to be delivered for service to the person authorized to serve process as may be designated by the party filing the civil warrant . . . or the party's attorney if represented by counsel." Tenn. Code Ann. § 16-15-901)(a). There is nothing in the statute that provides that the "person authorized to serve process" must be designated by name on the civil warrant itself or that he or she cannot be an agent of a third-party processing entity. Rather, it simply provides that the authorized person is to be designated by the party or the party's attorney. *See id.* When a statute is clear, "[o]ur obligation is simply to enforce the written language." *In re Estate of Tanner*, 295 S.W.3d 610, 614 (Tenn. 2009) (citing *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006)). Further, Defendants have presented no proof that Mr. Gowan was not so designated. In fact, the proof indicates otherwise. The record reflects that Plaintiff filed the civil warrant with the General Sessions Court clerk and included in the top-right corner the handwritten notation "SPS" for Southern Process Servers. Additionally, as we concluded previously, the record reflects that Mr. Gowan of Southern Process Servers did, in fact, personally serve Mr. Scott with the civil warrant in accordance with Tennessee Code Annotated section 16-15-903(1). There is no evidence in this record to suggest that Mr. Gowan had not been designated by Plaintiff or Plaintiff's attorney, and the fact that Mr. Gowan did complete proper service of the civil warrant indicates, without proof to the contrary, that he had been designated pursuant to Tennessee Code Annotated section 16-15-901(a). Accordingly, we deny Defendants any relief on this issue.

### C. Defendants' Issues Pertaining to Ms. McKinney

We next address Defendants' argument that the trial court erred in finding that Ms. McKinney is subject to the subpoena despite rendering the default judgment void *ab initio* as against her. According to Defendants, because the judgment is void as against Ms. McKinney, she is "no longer a party to the cause of action and should not be subject to the Subpoena[.]" We disagree. In general sessions court, the issuance of a subpoena is governed by Tennessee Code Annotated section 16-15-708, which is reproduced in its entirety as follows:

(a) The attendance of witnesses to give testimony in court or by deposition is procured by subpoena or summons, requiring the witness to be present at a prescribed place and time, to give testimony in a case or matter stated in the subpoena or summons, mentioning the names of the parties litigant and the party at whose instance the witness is to be summoned, and, if necessary, requiring the witness also to bring any books, papers, documents or tangible things stated in the subpoena or summons. The subpoena is

issued by a judge or clerk of the court at any time, and to any county within the state, on request of the party wishing the process, and may be served by any person authorized to serve process, by delivering or offering to deliver a copy of the subpoena to the person to whom it is directed. If any person without cause refuses to appear, to testify or to produce evidence when duly subpoenaed to do so, that person shall be committed to jail by the court before whom that person is bound to testify, to remain in jail without bail until willing to testify or give evidence as the law directs.

(b) This section shall govern when a judge or clerk is required to issue a subpoena and the consequences of a person's refusal to appear, testify or produce evidence when subpoenaed pursuant to this section. If any local rule of court conflicts with this section, this section shall prevail and the clerk or other official shall issue subpoenas and the judge shall punish the failure to respond to subpoenas in accordance with this section.

Tenn. Code Ann. § 16-15-708. There is nothing in the statute indicating that a non-party to an ongoing proceeding cannot also be subject to the court's subpoena power. The extent to which one is subject to that power, however, depends on the facts and circumstances of each case, which we will discuss in more detail below.

Having determined that Ms. McKinney is subject to the General Sessions Court's subpoena power, the issue then becomes whether Ms. McKinney was, in fact, properly served with the subpoena. Defendants contend that the trial court erred in finding that Ms. McKinney had been properly served with the subpoena because Mr. Fox, the private process server, (1) "did not make proper return on the service" and (2) "had not been designated thereby giving him authority to serve the Subpoena[.]" Defendants' argument for this issue is identical to their argument for the issue pertaining to Mr. Scott. Again, we discuss each argument in turn.

Just as the record reflects that Mr. Scott was personally served with the warrant, the record similarly reflects that Ms. McKinney was personally served with the subpoena. In its order, the trial court found that, "[b]y admission of Defendant, Tracey McKinney, by and through her counsel in court during the hearing of this matter, Defendant, Tracey McKinney, received personal service of the Subpoena Duces Tecum filed in the General Sessions case." Because Defendants have offered no evidence to suggest that the trial court erred in this finding of fact, this Court must afford it a presumption of correctness.[8]

---

[8] Moreover, the record on appeal contains neither a transcript of the proceedings nor a statement of the evidence. The errors alleged by Defendants are not reflected in the technical record, and the trial court's findings of fact are presumed to be correct in the absence of a transcript or statement of the evidence. *See* *Burris v. Burris*, 512 S.W.3d 239, 248 (Tenn. Ct. App. 2016).

*See* Tenn. R. App. P. 13(d); *Armbrister*, 414 S.W.3d at 692. Having been personally served with the subpoena, Ms. McKinney received "adequate notice of the pending judicial proceedings" such that the General Sessions Court obtained personal jurisdiction over her for that purpose, and the fact that Mr. Fox failed to include his address on the return does nothing to render that notice ineffective.

As to the argument that Mr. Fox had not been properly designated to serve the subpoena, Defendants reproduce the exact argument they employed for the issue pertaining to Mr. Scott. However, the record similarly reflects that the subpoena filed by Plaintiff with the General Sessions Court clerk included the handwritten notation "SPS" in the top-right corner and, as we noted above, Mr. Fox of Southern Process Servers did, in fact, personally serve Ms. McKinney with the subpoena in accordance with Tennessee Code Annotated section 16-15-903(1). Again, there is no evidence in this record to suggest that Mr. Fox had not been designated by Plaintiff or Plaintiff's attorney; rather, the fact that he did complete proper service of the subpoena indicates, again, without proof to the contrary, that he had been designated pursuant to Tennessee Code Annotated section 16-15-901(a). Accordingly, we deny Defendants any relief on this issue.

While we affirm the trial court's ruling that Ms. McKinney is subject to the subpoena, we remand the case back to the trial court with the following modification. In its order, the trial court stated that Ms. McKinney "shall be required to answer the Subpoena Duces Tecum issued by the General Sessions Court in this matter, within a reasonable time after the granting of this Order." While Ms. McKinney must answer the subpoena, we modify the order to state that the inquiry in the subpoena issued to Ms. McKinney shall be limited to testimony in aid of execution of the default judgment entered against Mr. Scott.

### D. Attorney's Fees

Lastly, we address Plaintiff's request for attorney's fees on appeal. Specifically, Plaintiff "requests that this Honorable Court include in its opinion an award of reasonable attorney's fees in the amount of $2,000.00 to be added to the judgment from General Sessions Court and remand such judgment to General Sessions Court where the collection thereof may proceed." We decline to do so for two reasons. Firstly, it is well-settled that an issue is generally waived when it is argued in the body of the brief but not designated as an issue on appeal. *See, e.g., State v. Freeman*, 402 S.W.3d 643, 653 (Tenn. Ct. App. 2012); *Bunch v. Bunch*, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Secondly, "[c]ourts have routinely held that the failure . . . to cite relevant authority in the argument section of the brief as required by [Tennessee Rule of Appellate Procedure] 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). Here, Plaintiff's request for attorney's fees appears only in the conclusion section

of its brief on appeal, and, further, Plaintiff cites to no statutory authority or case law in support of its request. Accordingly, we deem this issue waived.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed as modified, and we remand the case to the trial court for such further proceedings as are necessary and consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE