IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2024

**JEFFERY RILEY v.
TENNESSEE DEPARTMENT OF
LABOR AND WORKFORCE DEVELOPMENT**

**Appeal from the Circuit Court for Davidson County
No. 23C-1379      Amanda McClendon, Judge**

_____

**No. M2023-01217-COA-R3-CV**

_____

The Tennessee Department of Labor and Workforce Development ("the Department") denied the claimant's claim for unemployment benefits after determining that the claimant had "voluntarily quit" his job. The claimant appealed, but the Department's appeals tribunal denied the appeal as untimely. The claimant appealed further to the Department's office of administrative review, which affirmed the appeals tribunal's decision. Four years later, the claimant sought judicial review of the Department's decision by filing a civil warrant in the Davidson County General Sessions Court ("general sessions court"). The general sessions court dismissed the civil warrant upon a motion filed by the Department, and the claimant appealed to the Davidson County Circuit Court ("trial court"). The Department moved to dismiss the action based upon (1) insufficiency of service of process, (2) lack of subject matter jurisdiction, and (3) failure to state a claim upon which relief could be granted pursuant to Tennessee Rules of Civil Procedure 12.02(1), (2), (5), and (6). The trial court granted the motion to dismiss on all grounds. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Jeffery Riley, Durant, Mississippi, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; J. Matthew Rice, Solicitor General; and Mara Lynn Cunningham, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development.

# OPINION

## I. Factual and Procedural Background

This action commenced when the claimant, Jeffery Riley, filed for unemployment benefits with the Department in July 2017. The Department reviewed the claim and determined that Mr. Riley did not qualify for unemployment benefits because he had "voluntarily quit" his employment with All Star Labor Services due to "loss of transportation." Mr. Riley appealed the decision to the Department's appeals tribunal ("Appeals Tribunal"), which determined that it lacked subject matter jurisdiction to consider the merits of the case because the appeal was untimely. Mr. Riley subsequently appealed the decision of the Appeals Tribunal to the Department's Office of Administrative Review ("the Review Board"), but the Review Board affirmed the decision of the Appeals Tribunal. In turn, the Review Board informed Mr. Riley that he could seek judicial review of its decision by filing a petition in the Davidson County Chancery Court before January 1, 2018. However, Mr. Riley did not file an action seeking judicial review until November 2021.

On November 17, 2021, Mr. Riley, as a *pro se* plaintiff, filed a civil warrant in the general sessions court against the Department. Mr. Riley sought an "opportunity to reconcile" with the Department. In addition, he requested that the State of Tennessee "review the actions" of one of the Department's employees, Jane Warren, in relation to the Department's denial of his claim for unemployment benefits in 2017. In the action, Mr. Riley sought a monetary judgment against the Department of "$25,000 or less." On February 17, 2023, the Attorney General, by special appearance on behalf of the Department, moved to dismiss the civil warrant by reason of (1) lack of personal jurisdiction due to insufficiency of service, (2) lack of subject matter jurisdiction because the Department is a state agency entitled to sovereign immunity, and (3) failure to state a claim upon which relief could be granted. The matter was set for hearing on February 27, 2023, but was continued to June 5, 2023, upon motion of Mr. Riley.

On April 18, 2023, Mr. Riley filed a response to the Department's motion to dismiss, to which Mr. Riley attached documents related to the Department's denial of his unemployment claim from 2017. Mr. Riley alleged, *inter alia*, that Ms. Warren had committed forgery in signing the Department's forms. Mr. Riley subsequently filed a "Request to Acquire Punitive Damages," seeking $15,000 in addition to the "$25,000.00 judgment for actions to recover his personal property." Mr. Riley alleged that punitive damages should be awarded to him because "Commissioner[] Designee Jane Warren maliciously and intentionally disregarded her job duties to keep [Mr.] Riley denied of receiving UI Benefit Wages." Following a hearing conducted on June 5, 2023, the general sessions court granted the Department's motion to dismiss, determining that (1) the court lacked personal jurisdiction over the Department due to insufficient service of process, (2)

the court lacked subject matter jurisdiction because the Department was entitled to sovereign immunity, and (3) Mr. Riley had failed to state a claim upon which relief could be granted because his claim stemming from the denial of unemployment benefits was time-barred.

Mr. Riley appealed the dismissal to the trial court. The Department, again by special appearance of the Attorney General, filed a motion to dismiss premised upon the same defenses raised before the general sessions court. In addition, the Department asserted that Mr. Riley's claim was time-barred because it stemmed from his 2017 unemployment claim and the time for seeking judicial review of that decision had passed. The Department also asserted that Mr. Riley lacked standing to prosecute Ms. Warren for forgery. The matter was set for hearing on July 28, 2023, after which the trial court entered an order on August 8, 2023, granting the Department's motion to dismiss. The trial court specifically determined that (1) the court lacked personal jurisdiction over the Department because Mr. Riley had failed to properly serve the Attorney General's office, (2) the court lacked subject matter jurisdiction because Mr. Riley's appeal of the denial of his unemployment claim was time-barred, (3) the Department was entitled to sovereign immunity as a state agency, and (4) Mr. Riley lacked standing to bring suit for alleged criminal charges against Ms. Warren. Mr. Riley filed a motion for relief from the judgment of the trial court, which the court denied by written order entered on August 17, 2023. Mr. Riley timely appealed.

## II. Issues Presented

Mr. Riley presents the following issues for review, which we have restated as follows:

1.  Whether the trial court erred by determining that it lacked personal jurisdiction because the civil warrant was improperly served.

2.  Whether the trial court erred by determining that it lacked subject matter jurisdiction because the Department was entitled to the defense of sovereign immunity.

3.  Whether the trial court erred by determining that Mr. Riley had failed to state a claim upon which relief could be granted.

The Department presents the following additional issue for review:

4.  Whether Mr. Riley has waived consideration of any issues on appeal because he failed to comply with Tennessee Rule of Appellate Procedure 27.

## III. Standard of Review

"This Court reviews administrative unemployment compensation decisions using the same standard employed by trial courts." *Sabah v. Tennessee Dep't of Lab. & Workforce Dev.*, No. M2022-00526-COA-R3-CV, 2023 WL 2800097, at *3 (Tenn. Ct. App. Apr. 6, 2023)(citations omitted). Regarding the level of deference the courts should afford a state agency's decisions, our Supreme Court has explained that "[n]otwithstanding the courts' respect for administrative expertise, an agency's interpretation of its controlling statutes remains a question of law subject to *de novo* review." *Pickard v. Tennessee Water Quality Control Bd.*, 424 S.W.3d 511, 523 (Tenn. 2013). Therefore, "[w]hile an agency's interpretation of its controlling statutes is 'entitled to consideration and respect and should be awarded appropriate weight,' particularly in regard to 'doubtful or ambiguous statutes,' an agency's statutory interpretation is not binding on the courts." *Id.* (quoting *Nashville Mobilphone Co. v. Atkins*, 536 S.W.2d 335, 340 (Tenn.1976)); *see also Wallace v. Metro. Gov't of Nashville*, 546 S.W.3d 47, 52 n.7 (Tenn. 2018)("The Commission's interpretation of the Charter is certainly entitled to our respect; however, it is not entitled to our deference.").

In the context of a denied claim for unemployment, an aggrieved party "may secure judicial review of the decision by filing a petition for judicial review in the chancery court of the county of the party's residence against the commissioner for review of the decision." Tenn. Code Ann. § 50-7-304(i)(1) (West July 1, 2015, to current). Upon such review:

> The chancellor may affirm the decision of the commissioner or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (A)     In violation of constitutional or statutory provisions;
>
> (B)     In excess of the statutory authority of the agency;
>
> (C)     Made upon unlawful procedure;
>
> (D)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (E)     Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-7-304(i)(2).

When reviewing the trial court's dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12, we must consider only the legal sufficiency of the complaint. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id*. (additional internal citations omitted).

Finally, this Court has explained regarding *pro se* litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R.

5

Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

## IV.  Deficiencies in Mr. Riley's Brief

As a threshold inquiry, the Department contends that Mr. Riley has waived consideration of any issues on appeal and that his appeal should be dismissed because his appellate brief fails to meet the requirements of Tennessee Rule of Appellate Procedure 27. Rule 27 provides in pertinent part:

(a)     Brief of the Appellant.  The brief of the appellant shall contain under appropriate headings and in the order here indicated:

    (1)     A table of contents, with references to the pages in the brief;

    (2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

    * * *

    (4)     A statement of the issues presented for review;

    (5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

    (6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

    (7)     An argument, which may be preceded by a summary of argument, setting forth:

        (A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

6

(B)    for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)

(8)    A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a)    Written argument in regard to each issue on appeal shall contain:

(1)    A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2)    A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3)    A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4)    A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)    No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

We recognize that Mr. Riley is a *pro se* litigant and respect his decision to proceed self-represented. Mr. Riley's appellate brief, however, contains numerous deficiencies with regard to the above-listed requirements. The brief includes a section captioned, "Statement Presented for Review," which it appears is intended to serve as a statement of the issues. However, the section is deficient because it does not enumerate issues appropriate for appellate review. Instead, the section merely recites certain arguments that

7

had been raised by the Department in the trial court. *See* Tenn. R. App. P. 27(a)(4). Furthermore, Mr. Riley's appellate brief includes an argument section, but the section is deficient because it does not specifically address discernible issues, lacks the required standard of review, and fails to cite to the appellate record. *See* Tenn. R. App. P. 27(a)(7)(A) and (B); Tenn. App. Ct. R. 6(b).

As this Court has previously explained regarding deficiencies in an appellate brief filed by a *pro se* litigant:

> While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (citing *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194-95 (D.C. Cir. 1983)). *Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere. *Hodges*, 43 S.W.3d at 920-21.

> \* \* \*

> Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id*. at 56; *see also Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. *Bean*, 40 S.W.3d at 56.

> Despite the fact that [the appellant's] brief is woefully inadequate, there are times when this Court, in the discretion afforded it under Tenn. R. App. P. 2, may waive the briefing requirements to adjudicate the issues on their merits.

*Chiozza v. Chiozza*, 315 S.W.3d 482, 487-489 (Tenn. Ct. App. 2009). In the instant case, although Mr. Riley's brief fails to fully satisfy the requirements of Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we determine that this is

8

an appropriate case in which to exercise our discretion to waive the briefing requirements and adjudicate the appeal on the merits. *See* Tenn. R. App. P. 2.

## V. Personal Jurisdiction

In the order granting the motion to dismiss, the trial court determined that it lacked personal jurisdiction over the Department because Mr. Riley did not properly serve the Department with process, stating:

> This Court lacks jurisdiction to hear the civil summons. [Tennessee Rules of Civil Procedure] 12.02(1), (2) & (5). [Tennessee Rule of Civil Procedure] 4.04(6) requires service upon "any agency of the State, by delivering a copy of the warrant, writ or other papers to the attorney general of the state or to any assistant attorney general and reporter." Pursuant to [Tennessee Code Annotated] § 4-3-[1403], the Department is an agency of the state. [Mr. Riley] failed to serve the Attorney General's office. Service of process was therefore insufficient and as such, this Court lacks personal jurisdiction. Tenn. R. Civ. P. 12.02(2) & (5).

On appeal, Mr. Riley asserts that "legal service was affected," and that "[n]otice of a civil warrant to the [Department] was submitted and was served by Officer Blake Cantrell on December 2, 2021." Mr. Riley refers to a copy of the "Return of Service" document executed on this date, which is included in the record but not referenced in Mr. Riley's brief. *See* Tenn. R. App. P. 27(7)(A). The document reveals that service of the civil warrant was accomplished directly to the "Tennessee Department of Labor" at the Department's address: "220 French Landing Drive, Nashville, TN 37243." There is no similar document evincing service upon the Attorney General or Assistant Attorney General.[1] In support of his assertion that he properly served the Department, Mr. Riley contends that service was made pursuant to Tennessee Rule of Civil Procedure 4.04(5). However, Rule 4.04(5) is inapplicable to the instant case because it governs service upon "a nonresident individual who transacts business through an office or agency" in the state.

"The requirement for service of process is a fundamental due process right and a well-established requirement under the Tennessee Rules of Civil Procedure." *Olivier v. City of Clarksville*, No. M2016-02474-COA-R3-CV, 2017 WL 3105617, at *6 (Tenn. Ct. App. July 21, 2017) (citing *Turner v. Turner*, 473 S.W.3d 257, 272 (Tenn. 2015)). Upon

---

[1] The record does include a page with the following statement: "Additional supportive documents along with a copy of 'respondent' was also provided to the office of Attorney General Jonathan Skrmetti/Assistant Attorney General." However, that paper does not satisfy the requirements for proof of service. *See* Tenn. R. Civ. P. 4.03(1) ("The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service.").

thorough review, we agree with the trial court that it lacked personal jurisdiction to adjudicate Mr. Riley's claims against the Department due to insufficient service of process.

The Department is an agency of the State of Tennessee ("the State"), *see* Tenn. Code Ann. § 4-3-1403, and the Department properly raised insufficiency of service as a defense in its motion to dismiss before the trial court. *See* Tenn. R. Civ. P. 12.02.[2] As the trial court correctly stated, Tennessee Rule of Civil Procedure 4.04(6) requires service upon "any agency of the State, by delivering a copy of the warrant, writ or other papers <u>to the attorney general of the state or to any assistant attorney general</u>" (emphasis added). In order for the trial court to acquire personal jurisdiction over the Department, proper service was required. As our Supreme Court has explained:

> A court obtains personal jurisdiction over a party defendant by service of process. *Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012). . . . "The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Ramsay*, 387 S.W.3d at 568[.]

*Turner v. Turner*, 473 S.W.3d 257, 271 (Tenn. 2015).

Here, Mr. Riley did not comply with the requisite procedural rules for service of process because he did not accomplish service upon the Department through the State's Attorney General, as required by Rule 4.04(6). Accordingly, the trial court properly concluded that it lacked personal jurisdiction over the Department due to insufficiency of service of process. *See Turner*, 473 S.W.3d at 271.

## VI. Subject Matter Jurisdiction

In the order granting the motion to dismiss, the trial court also concluded that it lacked subject matter jurisdiction concerning the instant action. Our Supreme Court has explained as follows concerning a subject matter jurisdiction challenge:

> Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it," *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), and, therefore,

---

[2] We note that although Mr. Riley failed to properly serve the Attorney General's office, the Attorney General appeared in both the general sessions court and the trial court to defend the action on behalf of the Department. This appearance notwithstanding, the Attorney General did not waive the defense of insufficient service of process because he properly preserved the defense by raising it in his first motion to dismiss. *See State ex rel. Barger, v. City of Huntsville*, 63 S.W.3d 397, 399 (Tenn. Ct. App. 2001) ("[O]nce this defense [of insufficiency of process] has been raised, any other participation in the lawsuit by the defendant does not constitute a waiver.") (citation omitted).

should be viewed as a threshold inquiry. *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-SCT (¶ 13), 18 So. 3d 814, 821 (Miss. 2009). Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim. *See Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006); 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice § 3:2 (2011 ed.) ("Pivnick").

Litigants may take issue with a court's subject matter jurisdiction using either a facial challenge or a factual challenge. *See, e.g.*, *Schutte v. Johnson*, 337 S.W.3d 767, 769-70 (Tenn. Ct. App. 2010); *Staats v. McKinnon*, 206 S.W.3d at 542. A facial challenge is a challenge to the complaint itself. *See Schutte v. Johnson*, 337 S.W.3d at 769. Thus, when a defendant asserts a facial challenge to a court's subject matter jurisdiction, the factual allegations in the plaintiff's complaint are presumed to be true. *See, e.g.*, *Staats v. McKinnon*, 206 S.W.3d at 542-43.

Alternatively, "[a] factual challenge denies that the court actually has subject matter jurisdiction as a matter of fact even though the complaint alleges facts tending to show jurisdiction." *Staats v. McKinnon*, 206 S.W.3d at 543. Thus, the factual challenge "attacks the facts serving as the basis for jurisdiction." *Schutte v. Johnson*, 337 S.W.3d at 770.

*Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445-46 (Tenn. 2012).

In the case at bar, the Department challenged the trial court's subject matter jurisdiction by arguing, *inter alia*, that Mr. Riley's complaint was untimely filed. The trial court agreed, stating:

[Mr. Riley's] claim is time-barred as the claim stems from a denial of unemployment benefits from July 2017. As demonstrated by documents provided by [Mr. Riley, he] had the opportunity to appeal the denial. [Mr. Riley] appealed late, and as such, his appeal was denied. The administrative court within the Department of Labor and Workforce Development found the untimely appeal to be without good cause and affirmed dismissal of the appeal in November 2017. The administrative court gave [Mr. Riley] until January 1, 2018, to appeal that decision. *See* Tenn. Code Ann. § 4-5-322; Tenn. Code Ann. § 50-7-304. Accordingly, the statutory deadline for judicial review passed long ago, and with it, any jurisdiction this Court may have had to review the agency's decision. [Mr. Riley's] claim is time-barred, and the judgment of the administrative court cannot be collaterally attacked here.

11

Tennessee Code Annotated § 50-7-304(i)(1) (West July 15, 2015, to current) provides for judicial review of a denial of unemployment benefits "within thirty (30) days after the decision of the commissioner has become final[.]"[3]  In a notice dated November 22, 2017, Ms. Warren, acting on behalf of the Department as the commissioner's designee, informed Mr. Riley that the Department's Review Board had affirmed the Appeals Tribunal's denial of his initial appeal.  Ms. Warren further explained that Mr. Riley had not shown good cause for failing to timely file his appeal with the Appeals Tribunal, as required by Tennessee Code Annotated § 50-7-304(c).  Ms. Warren followed this notice with a letter dated November 29, 2017, stating that the decision would become "final on December 2, 2017."  Ms. Warren then informed Mr. Riley:

> Your remedy is to file an appeal in Chancery Court in the county where you reside.  The Petition for Judicial Review should be filed on or before January 1, 2018.

Mr. Riley did not file any action for judicial review of the Department's denial of his claim until November 17, 2021, nearly four years after he had exhausted the appeals within the Department and well outside the statutory timeframe for seeking judicial review.  *See* Tenn. Code Ann. § 50-7-304(i)(1).  This statutory time limit is mandatory and jurisdictional, as this Court has previously explained:

> It is axiomatic that a notice of appeal to the Supreme Court or Court of Appeals in civil cases must be filed within the statutory time limit.  T.R.A.P. Rule 4(a).  This rule is mandatory and jurisdictional.  *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997).  <u>Similarly, a deadline for filing a petition for judicial review in a contested administrative case is mandatory and jurisdictional, and failure to adhere to it is fatal for those seeking review</u>.  *Turner v. Tennessee Bd. of Paroles*, 993 S.W.3d 78, 80 (Tenn. Ct. App. 1999); *United Steelworkers of America v. Tennessee Air Pollution Control Bd.*, 3 S.W.3d 468, 472 (Tenn.

---

[3] The trial court also cited to Tennessee Code Annotated § 4-5-322, which is the provision governing judicial review contained in the Uniform Administrative Procedures Act, codified at Tennessee Code Annotated § 4-5-301, *et seq.* ("UAPA").  Section 4-5-322 (West May 18, 2021, to current) provides that a petition for judicial review of a state agency's final decision "shall be filed within sixty (60) days after the entry of the agency's final order thereon."  This presents an apparent discrepancy between the timeframe for initiating judicial review of the Department's decision.  Whereas Tennessee Code Annotated § 50-7-304(i)(1) allows thirty days to appeal an unemployment claim decision, § 4-5-322 of the UAPA allows sixty days to initiate judicial review of state agency decisions.  This Court has previously analyzed questions regarding timeliness of appeals from Department decisions by incorporating the thirty-day limit proscribed in § 50-7-304.  *See, e.g.*, *Watauga Indus., Inc. v. Greenwell*, No. E1999-00699-C0A-R3-CV, 2000 WL 991632, at *9 (Tenn. Ct. App. July 19, 2000).  Accordingly, we determine that the applicable statutory time limit for judicial review in the instant case is thirty days, as provided in § 50-7-304.  Moreover, because Mr. Riley did not seek judicial review of the final decision of the Department until nearly four years had passed, we determine that any discrepancy presented by the trial court in referring to both statutes is harmless.

12

Ct. App. 1998). . . . Since a petition for review in the Trial Court is comparable to a notice of appeal in this Court, the mandatory nature and jurisdictional effect of the statutory time limit set forth in T.C.A. § 50-7-304(h), (i), which bears the same plain meaning as the time limit for a notice of appeal, also carries the same effect.

*Watauga Indus., Inc. v. Greenwell*, No. E1999-00699-C0A-R3-CV, 2000 WL 991632, at *9 (Tenn. Ct. App. July 19, 2000) (emphasis added). Significantly, Mr. Riley does not address his failure to timely seek judicial review of the Department's final decision in his appellate brief.

Upon review, we determine that because the thirty-day time limit for judicial review proscribed by statute is jurisdictional and mandatory in this case, *see Watauga*, 2000 WL 991632, at *9, the trial court properly dismissed, for lack of subject matter jurisdiction, Mr. Riley's appeal of the denial of his claim for unemployment. Furthermore, because the trial court properly determined that it lacked both personal and subject matter jurisdiction to hear Mr. Riley's claims, we conclude that the trial court properly dismissed Mr. Riley's action against the Department in its entirety. Accordingly, we do not reach Mr. Riley's other issues on appeal.

VII  Conclusion

For the foregoing reasons, we affirm the trial court's August 8, 2023 order dismissing Mr. Riley's action. Mr. Riley's pending "Motion for Relief Due to Effect of Error," which was filed in this Court on August 6, 2024, and which does not request relief relevant to the disposition in this Opinion, is pretermitted as moot.[4] This case is remanded to the trial court for enforcement of the trial court's judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Jeffery Riley.

s/Thomas R. Frierson, II

THOMAS R. FRIERSON, II, JUDGE

---

[4] In the motion, Mr. Riley argues that the "appellant record is incorrect" but does not explain how the record is incorrect and does not include a prayer for relief, such as a motion to supplement the record. Instead the motion concludes: "For reasons stated above, the case shall presume and appellant shall prevail."